(249 P.3d 465)
No. 101,481

STATE OF KANSAS, *Appellee*, v. CLAUDIE GRAY, *Appellant*.

Opinion filed March 18, 2011.

*Carl Folsom, III*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Steve Six*, attorney general, for appellee.

Before HILL, P.J., GREEN, J., and BUKATY, S.J.

GREEN, J.: Claudie Gray was convicted by a jury of one count of aggravated assault of a law enforcement officer and three alternative counts of fleeing and attempting to elude a police officer. In the present case, we must determine whether Gray is entitled to a new trial where the trial court fails to inquire in open court, before the jurors are discharged, whether the jury agrees with the verdict just announced by the foreperson. We determine that a jury verdict rendered and announced in open court that does not follow the statutory mandate of K.S.A. 22-3421, requiring the trial

court to inquire whether the verdict is the jury's verdict, is reversible error. Accordingly, we reverse and remand for a new trial.

Gray contends that the trial court erred when it failed to ask the jury whether the verdict that was announced was its verdict. Before accepting a verdict and discharging the jury, Kansas law requires trial judges to comply with the provisions of K.S.A. 22-3421 to ensure the unanimity of the jury's verdict:

" 'The verdict shall be written, signed by the presiding juror and read by the clerk to the jury, and *the inquiry made whether it is the jury's verdict.* If any juror disagrees, the jury must be sent out again; but if no disagreement is expressed, *and neither party requires the jury to be polled,* the verdict is complete and the jury discharged from the case. If the verdict is defective in form only, it may be corrected by the court, with the assent of the jury, before it is discharged.' " (Emphasis added.) K.S.A. 22-3421.

K.S.A. 22-3421 includes two provisions to ensure the proper rendition of a verdict before it is accepted and the jurors are discharged.

First, the trial judge must inquire as to the jury's verdict. Second, the trial judge must, if asked by either party, poll the jury. The trial judge complies with the first requirement by asking the jury collectively: "Is this your verdict?" The trial judge satisfies the second requirement (if requested by either party) by asking each juror individually: "Is this your verdict?" See *State v. Holt*, 285 Kan. 760, 770-71, 175 P.3d 239 (2008) ("While trial courts do not have to be 'letter perfect' in their polling procedures and language, the better practice is to poll the jury in such a way as to ensure that each juror is answering for him or herself, *e.g.*, asking, 'Is this your verdict?' ").

Here, because Gray never requested polling of the jury, he waived his right to have the jury individually polled. See *State v. Johnson*, 40 Kan. App. 2d 1059, 1075, 198 P.3d 769 (2008) ("In the absence of a request by either party to poll the jury, . . . the trial court [does] not err in failing to individually poll the jury.").

Nevertheless, as stated earlier, Gray asserts that the trial court erred when it failed to ask whether the verdict was the jury's verdict. Moreover, Gray argues that the trial court violated K.S.A. 22-3421 by not "asking whether the verdict read by the presiding juror was the jury's verdict." We have unlimited review over issues of

jury unanimity. *State v. Dayhuff*, 37 Kan. App. 2d 779, 784, 158 P.3d 330 (2007).

On the day that the jury reached its verdict, the following occurred:

"THE COURT: Foreman of the jury. Have you reached a verdict?

"PRESIDING JUROR: Yes, we have, Your Honor.

"THE COURT: Would you hand the verdict form to Mr. Miller and I'll look at it.

"(The verdict was delivered to the Court.)

"THE COURT: Thank you. All right. I think, Mr. Hageman, I do this sometimes. Sometimes I get on a—on a kick. Sometimes I read it. Sometimes I have the foreman read it, and today I feel like I am going to let you read it. So would you read the verdict? It is—just start out In The District Court and go all the way down, okay, and read it.

[The presiding juror then read the verdict on all four of the counts against Gray.]

"THE COURT: All right. Does either side wish to have the jury polled?

"MR. STANTON: No, Your Honor.

"MR. TIMAN: No, we don't."

The court then excused the jury. The court did not ask the jury after reading the verdict whether it was the jury's verdict.

There is no dispute that the trial court did not ask the jury whether the verdict was the jury's verdict. In *Johnson*, we held that the trial court's failure to inquire as to whether the verdict was the jury's verdict was reversible error. The State, however, asserts that *Johnson* is distinguishable from this case because unlike *Johnson*, there were no concerns about the unanimity of the jury's verdict. Nevertheless, the *Johnson* court held that "until the inquiry is made and the trial court is satisfied that the verdict is truly unanimous, the verdict is not complete." 40 Kan. App. 2d at 1077.

The reason why K.S.A. 22-3421 requires the trial court to inquire in open court whether the jury agrees with the verdict, even when the parties waive polling, is to ensure a defendant's constitutional right to a unanimous verdict and to safeguard the concept of finality with respect to the jury verdict. *Johnson*, 40 Kan. App. 2d at 1076 ("This requirement accomplishes the important purpose of ensuring that the jury's verdict is unanimous.").

"By requiring inquiry as to whether the verdict is the jury's verdict, K.S.A. 22-3421 gives jury members the opportunity to express disagreement with or dissent from the verdict in open court." 40 Kan. App. 2d at 1077. In this case, the trial judge simply asked the jury foreperson whether the jury had reached a verdict. At no point after having heard the verdict read in court were the jurors given an opportunity to express disagreement with the verdict. Therefore, asking the jury foreperson if a verdict has been reached does not accomplish the same objective as inquiring whether the verdict is the jury's verdict.

The trial court's failure to follow the statutory mandate of K.S.A. 22-3421 to inquire as to whether the verdict was the jury's verdict was reversible error. Consequently, a new trial is warranted in this case. To hold otherwise would ignore the importance of the requirements of unanimity and finality with respect to jury verdicts.

Because we have determined that there was reversible error in this case, it is unnecessary to address Gray's remaining arguments raised in his appeal.

Reversed and remanded for a new trial.